```
         UNITED STATES DISTRICT COURT
      SOUTHERN DISTRICT OF WEST VIRGINIA
                AT CHARLESTON
```

RAYMOND W. SAYRE and
PATRICIA K. SAYRE,

      Plaintiffs,

v.                                          Civil Action No. 2:09-0295

UNITED STATES OF AMERICA,

      Defendant.

## MEMORANDUM OPINION AND ORDER

Pending is defendant's motion to dismiss, filed June 29, 2009.

I.

On March 26, 2007, plaintiff Raymond W. Sayre arrived at the Huntington VA Medical Center ("VAMC") for an outpatient routine colonoscopy. John T. Walker, M.D. was Mr. Sayre's attending physician for the procedure. During the procedure, a 5 mm polyp was excised from the cecum. According to medical records, the polyp was lost during a retrieval attempt. The scope was passed through to the excision site three times in an attempt to locate the missing polyp. Unable to find and retrieve the polyp, Mr. Sayre was discharged and able to return to his home in Charleston.

Initially, Mr. Sayre was asymptomatic, but after the drive from Huntington to Charleston, he began experiencing significant abdominal pain, which increased in severity, as well as significant abdominal bloating.  At 7:22 p.m. that evening, Mr. Sayre's wife, plaintiff Patricia K. Sayre, telephoned the VAMC to report her husband's complaints.  She was advised to take Mr. Sayre to the nearest hospital for emergency treatment.

When Mr. Sayre arrived at the emergency department of Charleston Area Medical Center, he was admitted to the Intensive Care Unit and ultimately diagnosed as having a perforated cecum.  He underwent surgery for a hemicolectomy and ileostomy.  The postoperative diagnosis was iatrogenic cecal perforation.  Mr. Sayre was transferred to the ICU on a mechanical ventilator.  He remained hospitalized until June 4, 2007.

Mr. and Mrs. Sayre instituted suit against the United States on March 24, 2009.  They allege that the United States, by and through the VAMC and Dr. Walker, negligently failed to disclose information necessary to obtain proper informed consent for the surgical procedure.  Mr. and Mrs. Sayre also allege that the United States negligently cared for and treated Mr. Sayre, causing substantial damage.  Further, Mr. and Mrs. Sayre allege that the United States negligently failed to properly supervise

its medical health providers, including the physicians and residents who performed Mr. Sayre's surgical procedure.

On June 29, 2009, the United States moved to dismiss. The United States asserts that West Virginia law requires plaintiffs to serve a certificate of merit 30 days prior to the filing of any civil action for medical malpractice.  As Mr. and Mrs. Sayre have not served the United States with a certificate of merit, the United States contends that their suit should be dismissed.

## II.

Federal Rule of Civil Procedure 8(a)(2) requires that a pleader provide "a short and plain statement of the claim showing . . . entitle[ment] to relief."  Fed. R. Civ. P. 8(a)(2); <u>Erickson v. Pardus</u>, 127 S. Ct. 2197, 2200 (2007).  Rule 12(b)(6) correspondingly permits a defendant to challenge a complaint when it "fail[s] to state a claim upon which relief can be granted . . . ."  Fed. R. Civ. P. 12(b)(6).

The required "short and plain statement" must provide "'fair notice of what the . . . claim is and the grounds upon which it rests.'"  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544,

545 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957), overruled on other grounds, Twombly, 550 U.S. at 563); see also Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007). In order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570); see also Francis v. Giacomelli, No. 08-1908, 2009 WL 4348830, at * 4 (4th Cir. Dec. 2, 2009).

Application of the Rule 12(b)(6) standard requires that the court "'accept as true all of the factual allegations contained in the complaint . . . .'" Erickson, 127 S. Ct. at 2200 (quoting Twombly, 127 S. Ct. at 1965); see also South Carolina Dept. Of Health And Environmental Control v. Commerce and Industry Ins. Co., 372 F.3d 245, 255 (4th Cir. 2004) (quoting Franks v. Ross, 313 F.3d 184, 192 (4th Cir. 2002)). The court must also "draw[] all reasonable . . . inferences from th[e] facts in the plaintiff's favor . . . ." Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999).

## III.

Both parties concede that West Virginia's Medical Professional Liability Act ("MPLA") governs the proper procedure for the filing of Mr. and Mrs. Sayre's claim.  The dispute in this instance centers on the application of the procedural requirements within the MPLA, particularly the certificate of merit requirement.

The MPLA typically requires plaintiffs to serve defendants with a notice of claim along with a screening certificate of merit at least thirty days prior to filing suit against a health care provider.  W. Va. Code § 55-7B-6(b).  There is an exception to this requirement, as follows:

> [I]f a claimant or his or her counsel, believes that no screening certificate of merit is necessary because the cause of action is based upon a well-established legal theory of liability which does not require expert testimony supporting a breach of the applicable standard of care, the claimant or his or her counsel, shall file a statement specifically setting forth the basis of the alleged liability of the health care provider in lieu of a screening certificate of merit.

W. Va. Code § 55-7B-6(c).  Prior to filing this action, Mr. and Mrs. Sayre did not serve the United States with a certificate of merit required by § 55-7B-6(b).  The United States claims that this failure necessitates dismissal of their claim.  Mr. and Mrs.

5

Sayre respond that their suit falls within the above-quoted exception found in § 55-7B-6(c) dispensing with the certificate of merit requirement.

Mr. and Mrs. Sayre contend that a certificate of merit was not required in this instance because the Sayres' "informed consent claim is a well established legal theory that does not require expert testimony." Specifically, Mr. and Mrs. Sayre allege that the United States, through the VAMC and Dr. Walker, "failed to disclose information to [Mr. Sayre] such as to obtain proper informed consent for the surgical procedure." (Compl. at ¶ 15).

In Cross v. Trapp, the Supreme Court of Appeals of West Virginia considered the proper standard for establishing the scope of a physician's duty to disclose medical information to his or her patient. 294 S.E.2d 446 (W. Va. 1982). The court adopted the "patient need standard" wherein "the need of the patient for information material to his or her decision as to method of treatment, such as surgery" is the standard for determining the physician's duty to disclose. Cross, 294 S.E.2d at 455. In so holding, the court considered the necessity of expert testimony in failure to disclose cases:

> **Finally, we hold that although expert medical testimony is not required under the patient need standard to establish the scope of a physician's duty to disclose medical information to his or her patient, expert medical testimony would ordinarily be required to establish certain matters including: (1) the risks involved concerning a particular method of treatment, (2) alternative methods of treatment, (3) the risks relating to such alternative methods of treatment and (4) the results likely to occur if the patient remains untreated.**

Id.

Mr. and Mrs. Sayre rely on the above-quoted language in Cross as support for their assertion that their informed consent claim is a "well established legal theory which does not require expert testimony" and is therefore exempt from the certificate of merit requirement. W. Va. Code § 55-7B-6(c). However, Mr. and Mrs. Sayre have overlooked a crucial aspect of the court's discussion in Cross. While the court initially acknowledged that expert testimony is not required by the patient need standard itself, it went on to state that expert testimony is "ordinarily . . . required to establish certain matters", with one of these matters being "the risks involved concerning a particular method of treatment. . .." Cross, 294 S.E.2d at 455. Mr. and Mrs. Sayre specifically allege that "Mr. Sayre was not made aware of the risks and potential for complications that accompany a colonoscopy." (Pls.' Resp. at 3). Inasmuch as Mr. and Mrs. Sayre's claim necessitates consideration of the risks involved in

7

a colonoscopy, Cross indicates that expert testimony is required. Accordingly, a certificate of merit was required in this instance.

In the alternative, Mr. and Mrs. Sayre suggest that because they made a good faith effort to comply with the MPLA and its exceptions, the motion to dismiss should be denied and the court should allow Mr. and Mrs. Sayre the opportunity to produce a certificate of merit.  For this argument, Mr. and Mrs. Sayre rely on Westmoreland v. Vaidya, a per curiam decision in which the court allowed a pro se plaintiff the opportunity to provide a certificate of merit after filing suit.  664 S.E.2d 90, 96 (W. Va. 2008).  The court in Westmoreland emphasized the fact that Dr. Westmoreland included in his notice of intent to bring suit a statement that he was providing notice in lieu of a certificate of merit due to the fact that expert testimony was not required and that he understood that his notification met the criteria of § 55-7B-6(c).  Id.  The decision in Westmoreland cautions "litigants, however, that it is the unique case that will qualify for good faith reliance on W. Va. Code § 55-7B-6(c)."  Id. at 97, n. 14.

In contrast to the facts in Westmoreland, there is no indication that Mr. and Mrs. Sayre notified the United States of

their intent to rely on the exception found in § 55-7B-6(c). Mr. and Mrs. Sayre served the United States with an SF-95 form as required by the Federal Tort Claims Act, but nothing on this form indicates Mr. and Mrs. Sayre's intent to rely on the § 55-7B-6(c) exception. If a plaintiff intends to proceed under the exception to the certificate of merit requirement, the MPLA requires the plaintiff to "file a statement specifically setting forth the basis of the alleged liability of the health care provider in lieu of a screening certificate of merit." W. Va. § 55-7B-6(c). Unlike the plaintiff in <u>Westmoreland</u>, Mr. and Mrs. Sayre have not provided any notice to the United States as to the alleged basis of liability. This is simply not a "unique case" that can avoid dismissal based on the plaintiffs' alleged good faith reliance on § 55-7B-6(c).

IV.

Inasmuch as Mr. and Mrs. Sayre's informed consent claim necessitates expert testimony on the risks involved in a colonoscopy, the court finds that the MPLA required Mr. and Mrs. Sayre to serve the United States with a certificate of merit at least thirty days prior to filing this action. Without ruling on

9

the merits of this action, it is ORDERED that Mr. and Mrs. Sayre's complaint be, and hereby is, dismissed without prejudice.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record and any unrepresented parties.

DATED: December 9, 2009

_____
John T. Copenhaver, Jr.
United States District Judge